# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **BRADDIE SULLIVAN,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **LISA ALLEN, DAVE BAKER and** ) <br> **RANDY JONES,** ) <br> ) <br> **Defendants.** ) | No.: 3:15-cv-00496- <br> REEVES/GUYTON |

## MEMORANDUM AND ORDER

This is a pro se prisoner's civil rights action brought under 42 U.S.C. § 1983 by Braddie Sullivan ("Plaintiff") against Defendants Lisa Allen, Dave Baker and Randy Jones.[1] Plaintiff's complaint alleges that he was terminated from his prison work position in retaliation for having filed a grievance alleging that an African-American inmate with less seniority had received a work position that Plaintiff had sought [Doc. 1].

On May 15, 2017, the Court issued a scheduling order setting this case for trial on April 17, 2018, and establishing firm deadlines for discovery, dispositive motions and pretrial statements [Doc. 27]. Pursuant to that order, Plaintiff was directed to file a Pretrial Narrative Statement on or before February 13, 2018, and was advised explicitly that his "failure to file a Pretrial Narrative Statement will result in dismissal of Plaintiff's complaint for failure to prosecute and to comply with the orders of this Court" [Doc. 27 ¶ 6].

---

[1] The case against a fourth named defendant, Darren Edwards, previously was dismissed with prejudice by Joint Stipulation of the parties [Doc. 33].

The February 13, 2018, deadline has passed and Plaintiff has not filed a Pretrial Narrative Statement. Accordingly, this action will be **DISMISSED** for want of prosecution under Federal Rule of Civil Procedure 41(b).

**I.      Rule 41(b) Analysis**

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." *See, e.g.*, *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Dismissal under Fed. R. Civ. P. 41(b) may be *sua sponte*. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In determining whether involuntary dismissal is warranted under Fed. R. Civ. P. 41(b) for failure to prosecute, a court is to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's scheduling order is due to his own willfulness and fault. Local Rule 83.13 imposes upon a pro se litigant the obligation to both monitor the progress of his case and to prosecute it diligently. Moreover, that same rule provides that the failure of a pro se Plaintiff to timely respond to an order sent to the last address provided to the Clerk may result in dismissal of the case. Here, the docket entry for the scheduling order bears the notation "c/m" [Doc. 27], indicating that a copy was mailed to Plaintiff at his reported address, and there is no indication in the record that the order was returned as undeliverable or that he did not receive it.

The case law is clear that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109. The Court's scheduling order set a clear and firm deadline for the filing of a Pretrial Narrative Statement and Plaintiff nevertheless failed to adhere to that deadline, in violation of both the local rules and the scheduling order itself. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that there is some prejudice to Defendants as Plaintiff's failure to comply timely with the Court's order will impact their ability to prepare for trial.

As to the third factor, the record reflects that Plaintiff expressly was warned that a failure to file a Pretrial Narrative Statement by February 13, 2018, as directed <u>would</u> result in dismissal of his complaint for failure to prosecute and to comply with the orders of this Court. [Doc. 27 ¶ 6]. In addition, Local Rule 83.13 also cautions that the failure of a pro se party to timely respond to an order may result in dismissal of the case or other appropriate action. Thus, Plaintiff's failure to adhere to the scheduling order despite being placed on notice of the consequences of non-compliance also weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that any alternative sanctions would not be effective. The Court already placed Plaintiff on notice that his failure to comply with the Court's scheduling order would be grounds for dismissal. Nevertheless, Plaintiff failed to file a Pretrial Narrative Statement within the allotted time and otherwise has not monitored the progress of the case. Moreover, Plaintiff's non-compliance with the Court's scheduling order is not limited to his failure to file a Pretrial Narrative Statement, but also extends to his failure to file a response to

either of the motions to dismiss filed by Defendant Jones [Doc. 31] and by Defendant Allen [Doc. 36].

The scheduling order in this case plainly provides that responses to motions are to be filed in accordance with Local Rule 7.1, which directs parties to file answering briefs within 14 days of service of the motion and opening brief [Doc. 27 ¶ 2]. Local Rule 83.13 requires that parties proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and the local rules. Plaintiff's failure to file responses to two separate motions to dismiss within the allotted time set forth in Local Rule 7.1, coupled with his failure to timely file a Pretrial Narrative Statement, strongly suggests that any further attempts to prod him into compliance with the Court's orders and the local rules through the imposition of a lesser sanction than dismissal would be futile.

For the foregoing reasons, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) based upon Petitioner's non-compliance with the Court's previous order and the local rules of court. *Schafer*, 529 F.3d at 736 (district court has authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court).

## II. Pending Motions

In light of the dismissal of this action for want of prosecution, the following pending motions will be **DENIED as moot**: (1) motion for extension of time to file answer [Doc. 29] filed pro se by Defendant Jones; (2) motion to dismiss [Doc. 31] filed pro se by Defendant Jones; (3) motion to dismiss for failure to state a claim [Doc. 36] filed by Defendant Allen; and (4) motion to appoint counsel [Doc. 38] filed by Plaintiff.

The pro se motion for compensation of legal fees [Doc. 30] filed by Defendant Jones will be **DENIED**. Although a district court is authorized under certain limited circumstances to award attorneys' fees pursuant to 42 U.S.C. § 1988 when a defendant is the prevailing party in a civil rights claim brought under § 1983, *see CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642 (2016),[2] pro se litigants such as Defendant Jones are not entitled to an award of fees under § 1988 under any circumstances. *Wright v. Crowell*, 674 F.2d 521, 522 (6th Cir. 1982) (per curiam); *see also Rheuark v. Shaw*, 628 F.3d 297, 300 n 1 (5th Cir. 1980) (Congress intended § 1988 to compensate attorneys not pro se litigants).

### III. Conclusion

Accordingly, for the foregoing reasons, this action will be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for want of prosecution. *See Jourdan*, 951 F.2d at 109 (Fed. R. Civ. P. 41(b) recognizes the power of a district court to enter a *sua sponte* order of dismissal). Defendant Jones' pro se motion for compensation of legal fees [Doc. 30] will be **DENIED**. Defendant Jones' pro se motion for extension of time to file answer [Doc. 29] and pro se motion to dismiss [Doc. 31], Defendant Allen's motion to dismiss for failure to state a claim [Doc. 36] and Plaintiff's motion to appoint counsel [Doc. 38] all will be **DENIED AS MOOT**.

In accordance with 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

---

[2] Specifically, the United States Supreme Court has held that when a defendant is the prevailing party on a civil rights claim, district courts may award attorney's fees if the plaintiff's "claim was frivolous, unreasonable, or groundless," or if "the plaintiff continued to litigate after it clearly became so." *CRST Van Expedited, Inc.*, 136 S. Ct. at 1646 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

A separate judgment will enter.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**